UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNATHAN ANDRUE PAWLEY,　　　　　　　　　　　　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:16-cv-P447-DJH

CHRISTINA DAVIS *et al.*,　　　　　　　　　　　　　　　　　　　　　　　　　Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1). Plaintiff did not pay the filing fee for this action, but instead filed a prisoner application to proceed without prepayment of fees (DN 3). However, Plaintiff failed to file his prison trust account statement along with his prisoner application to proceed without prepayment of fees as required by 28 U.S.C. § 1915(a)(2). Therefore, the Clerk of Court sent Plaintiff a deficiency notice (DN 4) directing him to file a certified copy of his prison trust account statement within 30 days from the date of the notice. The 30 days passed without Plaintiff complying with the Clerk's deficiency notice or otherwise responding. Thus, on August 23, 2016, the Court entered an Order (DN 5) in which it ordered Plaintiff within 30 days of entry of the Order to either (1) file a certified copy of his prison trust account statement for the six-month period preceding filing the complaint or (2) pay the $350.00 filing fee. The Order warned Plaintiff that failure to comply with the Order would result in dismissal of this action. Over 30 days have passed since the entry of the Order, and Plaintiff has not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 5) or take any action in response to the Clerk's deficiency notice or the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: October 7, 2016

                                                **David J. Hale, Judge**
                                          **United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4415.003